**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT SMITH, | No. 11-16537 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00011-LRH-RAM |
| v. | |
| TASHINA SANDOVAL, CCWS I, ESP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

    Robert Smith, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. §§ 1983 and 1985 action alleging that

defendant prison officials violated his First, Eighth, and Fourteenth Amendment

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

rights when they continued to classify him as a gang affiliate despite his alleged disassociation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Smith's First Amendment free association claims because the prison's classification of Smith reasonably related to legitimate penological interests and Smith's complaint indicates that he has associated with the gang in the past. *See Stefanow v. McFadden*, 103 F.3d 1466, 1472 (9th Cir. 1996) (prison actions affecting First Amendment rights are permissible when reasonably related to legitimate interest of prison security); *see also Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) ("It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity.").

Smith's Fourteenth Amendment due process claims were properly dismissed because Smith failed to identify any liberty interest associated with his classification as a gang affiliate. *See Sandin v. Connor*, 515 U.S. 472, 484 (1995) (liberty interest arising from state laws or policies "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

Smith's Eighth Amendment claims were also properly dismissed because Smith failed to allege "that he is incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (explaining that, to state an Eighth Amendment claim, a prisoner must allege an objectively serious deprivation).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**